Argued and submitted January 30, 2001, reversed June 5, 2002

# ALLEN LEE LAMBERT,
*Respondent,*

*v.*

# Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Appellant.*

## 98C-15881; A108801

47 P3d 907

Kathleen Cegla, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Steven H. Gorham argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from a judgment granting post-conviction relief to petitioner on the grounds that his trial and appellate counsel were inadequate. We reverse.

Petitioner was charged with assault in the first degree and criminal mischief in the second degree arising out of his hitting the victim on the head with a metal pipe. The case was tried to the court. At the conclusion of the state's case-in-chief, petitioner moved for a judgment of acquittal on the assault charge, asserting that the state had failed to establish that petitioner's conduct had caused serious physical injury to the victim. The court denied the motion and ultimately convicted petitioner of both charges. He filed an appeal from the convictions, challenging only the constitutionality of his sentence. We affirmed the convictions without opinion. *State v. Lambert*, 150 Or App 367, 944 P2d 1004, *rev den* 326 Or 82 (1997).

Petitioner subsequently filed a petition for post-conviction relief, asserting that trial and appellate counsel in his criminal case were inadequate in several respects, including (1) trial counsel's failure adequately to develop the record concerning the first-degree assault element of "serious physical injury"[1] and the failure to assert that petitioner had acted in self-defense and (2) appellate counsel's failure to assign error to the trial court's denial of petitioner's motion for a judgment of acquittal on the ground that the state had failed to establish the element of "serious physical injury." The post-conviction court granted relief, concluding that both trial and appellate counsel were inadequate for having failed to develop and raise on appeal the issue of the state's failure to establish that the victim had suffered serious injury. The

---

[1] ORS 163.185 provides, in part:

"A person commits the crime of assault in the first degree if the person intentionally causes serious physical injury to another by means of a deadly or dangerous weapon."

ORS 161.015(8) provides that "serious physical injury" means

"physical injury which creates a substantial risk of death or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."

post-conviction court further concluded that trial counsel should have asserted that petitioner had acted in self-defense. The state appeals.

We first state the facts necessary to resolve the questions raised on review of the judgment granting post-conviction relief. Petitioner and the victim were involved in an altercation that ended when petitioner hit the victim on the head with a metal pipe. The victim was admitted to the emergency room, and testing showed a "small hemorrhage in the medulla, a left basilar skull fracture which extended into the temporal bone, and a small air fluid level noted in the sphenoid sinus." The victim also had a two-centimeter cut on his left forehead that required four stitches. The victim was admitted overnight for observation, and he recovered without complication.

At the trial in the criminal case, petitioner testified that he and the victim had struggled over the pipe, which had been in petitioner's possession before the altercation began, that the victim's hands had come off the pipe, and that the pipe had flown into the air and accidently come down on the victim's head. He testified that he had not intentionally hit the victim on the head. Although he testified at trial that he thought that he was in danger and was "really scared," he did not assert that he had acted in self-defense in striking the victim. The victim testified about his injury and gave his opinion that the one-inch scar on his forehead would not go away. Petitioner's trial counsel offered into evidence the medical records of the victim's hospital stay and injury.

In her motion for judgment of acquittal, petitioner's trial counsel asserted that the state had failed to establish that the victim had suffered a serious physical injury because the evidence did not establish beyond a reasonable doubt that the victim's injury had created a substantial risk of death or had caused serious and protracted disfigurement. The state conceded in closing argument that it was not attempting to establish that the victim's injury was life threatening; rather, it asserted that the scar on the victim's forehead was a serious and protracted disfigurement.

The state convinced the trial court. In convicting petitioner, the trial court said:

"[T]he Court finds that [the injury] both created a substantial risk of death and serious and protracted disfigurement. And here are my findings on substantial risk of death. Exhibit 101 are the medicals from Portland Adventist. The [victim] was taken by ambulance to their critical care unit in an altered mental state. He had seizure activity, depression of his central nervous system. He was semi-conscious. The patient could only mumble in response to pain and questions. He was obtundant, which is nature's way, of course, of shutting the body down prior to death or prior to pain that cannot be taken.

"The [victim] was X-rayed and [had] a CAT scan [of] his head * * *. [The victim's] head was fractured at the—it was a basilar skull fracture, and there was a clear fracture in the X-ray of the left temporal bone. This caused bleeding into the brain in several areas. There was subarachnoid hemorrhage, which bled into the right temporal lobe of the brain. It bled into the right perietal lobe of the brain. There was blood in his left sphenoid sinus, and they thought, in addition, there might have been a medullar hemorrhage, as well. This victim * * * was within one inch of his life, and that is serious physical injury.

"Now, on serious and protracted disfigurement, he has about a two-inch-long, half-inch-wide divot in his left forehead in the temporal region, which I can see easily at 40 feet, as he sits here and I look at him at this moment. This is something that is not hidden by any clothing. It's in his head. This is a serious and protracted disfigurement."

Thus, the trial court found that the injury was both life threatening and caused serious and protracted disfigurement.

In his petition for post-conviction relief, petitioner asserted, among other issues, that his trial counsel was constitutionally inadequate for failing to develop and assert the defense of self-defense. Petitioner offered evidence in the post-conviction hearing that the victim had been violent to his ex-wife and that she had obtained a restraining order against him. At the post-conviction hearing, petitioner testified that he acted in self-defense in keeping hold of the pipe so as to prevent the victim from taking it. "[M]y state of mind believed that he would have done bodily harm if I would have

let him take the pipe out of my hand." He did not testify, however, that he *struck* the victim in self-defense.

■ To prevail on a post-conviction claim of inadequate assistance of counsel, the burden is on the petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). The post-conviction court believed that the pursuit of a theory of self-defense would have made a difference in the case. It found that the evidence of the restraining order against the victim was readily available to trial counsel and that it would have supported an assertion by petitioner that the victim was violent, which would have corroborated petitioner's version of the facts and bolstered his credibility. We review the post-conviction court's ruling for errors of law and for whether the facts found are supported by the record. *Smart v. Maass*, 148 Or App 431, 434, 939 P2d 1184, *rev den* 326 Or 62 (1997).

Theoretically, if petitioner had testified that, in striking the victim, he had acted in self-defense, then the post-conviction court's analysis would be correct. However, the post-conviction court's reasoning is inconsistent with petitioner's own testimony at trial and in the post-conviction hearing. Both times, petitioner testified that he did not strike the victim in self-defense but rather struck him accidentally, if at all. In light of that testimony, trial counsel's decision not to put forth a theory of self-defense could not have had an effect on the outcome of the trial. We agree with the state that trial counsel's decision not to argue self-defense was a reasonable tactical choice. *See Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981). In light of the record in this case, the striking of the victim could not have been both accidental and in self-defense. *See State v. Boyce*, 120 Or App 299, 306, 852 P2d 276 (1993) (trial court properly declined to give jury instruction on self-defense where defendant testified that she accidentally injured the victim). Although evidence of the restraining order would have supported a claim of self-defense, petitioner's testimony at the post-conviction hearing was consistent with his testimony at trial that he did

not hit the victim but rather held onto the pipe so that the victim could not use it against him and it accidentally struck him. If defense counsel had offered self-defense as an alternative to petitioner's claim that the injury was accidental, it would have undermined petitioner's credibility that the injury had occurred accidentally. We agree with the state that it is not our place to second-guess trial counsel's strategy in pursuing the accident explanation of the events rather than self-defense. The post-conviction court erred in concluding that petitioner's trial counsel should have raised a theory of self-defense.

■ We next consider the post-conviction court's determination that trial counsel in the criminal case failed adequately to develop the record with regard to whether the victim had suffered an injury that created a substantial risk of death. Trial counsel put in the record all medical reports relating to the victim's hospitalization and argued in closing that, because the doctors anticipated a full recovery, the victim's injury did not create a substantial risk of death. The state conceded that, in light of the medical record, "it would be rather foolish" to argue that the injuries were life threatening. The trial court nonetheless found that the victim's injuries were life threatening, undoubtedly taking both parties off guard. The post-conviction court found, based on the record at the post-conviction hearing, that there was no medical evidence to indicate whether the victim's injuries were life threatening. In the post-conviction court's view, petitioner's trial counsel should have investigated whether an expert would have testified that the victim's injuries were not life threatening.

■ We conclude once again that the post-conviction court erred. First, the state conceded at trial that it was not contending that the victim's injuries were life threatening. More importantly, in a post-conviction proceeding the petitioner has the burden to prove the facts alleged in the petition by a preponderance of the evidence. Petitioner put forth no evidence in the post-conviction proceeding that the result of the trial would have been different had trial counsel found an expert to testify as to the seriousness of the victim's injury; *i.e.*, there was no evidence in the post-conviction proceeding that a witness would have testified that the injury was not

life threatening. Accordingly, petitioner failed to establish that any inadequacy of trial counsel in failing to investigate whether the injury was life threatening caused him prejudice. *Trujillo*, 312 Or at 435.

Finally, the post-conviction court ruled that appellate counsel was constitutionally inadequate because he did not assign error to the trial court's denial of petitioner's motion for judgment of acquittal on the assault charge. In order to prevail on a claim that appellate counsel was inadequate, a petitioner must establish that competent appellate counsel would have assigned error to a particular trial court ruling and that, had the error been raised, it is more probable than not that the result of the appeal would have been different. *Guinn v. Cupp*, 304 Or 488, 496, 747 P2d 984 (1987). In reviewing the denial of a motion for judgment of acquittal when the motion was based on insufficiency of the evidence, our standard of review is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *State v. Rose*, 311 Or 274, 810 P2d 839 (1991). We cannot say, from our evaluation of the trial court record, that, if appellate counsel had assigned the denial of the motion for judgment of acquittal as error, it is more probable than not that the result on appeal would have been a reversal of the trial court's ruling. There was evidence from which the trial court could have found that the victim's injuries were life threatening and that his injuries had caused a serious and protracted disfigurement. Accordingly, we conclude that the post-conviction court erred as a matter of law in granting the petition for post-conviction relief.

Reversed.