Argued and submitted April 9, 2010, convictions for first-degree rape and first-degree sexual abuse reversed and remanded; remanded for resentencing; otherwise affirmed March 30, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

QUANDARY NELSON,
aka Quandry Nelson,
aka Quandray Jamon Nelson,
*Defendant-Appellant.*

Multnomah County Circuit Court
070431678l; A136989

251 P3d 240

Jesse Wm. Barton argued the cause for appellant. Quandary Nelson filed the opening brief *pro se*. On the reply brief was Charles M. Simmons.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R.

Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Sercombe, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375; first-degree sexual abuse, ORS 163.427; fourth-degree assault, ORS 163.160; and unauthorized use of a vehicle, ORS 164.135. He raises five assignments of error challenging his rape and sexual abuse convictions.[1] He first assigns error to the trial court's denial of his motion for a judgment of acquittal on the rape and sexual abuse counts. We reject that assignment of error without discussion and write only to address defendant's second assignment of error, in which he asserts that the trial court erred in failing to instruct the jury that, in order to convict him of first-degree rape and first-degree sexual abuse, the state was required to prove that he knowingly subjected the victim to forcible compulsion. We agree with defendant and, accordingly, reverse his convictions for those crimes. In light of that conclusion, defendant's three remaining assignments of error—which assert that the trial court erred in failing to merge defendant's three first-degree sexual abuse convictions, entering more than one sexual abuse conviction on the basis of findings not reflected in the jury verdict, and imposing consecutive sentences—are rendered moot.

Defendant was charged by indictment with, among other things, first-degree rape and first-degree sexual abuse. The indictment alleged that defendant had committed the crimes of first-degree sexual abuse by "unlawfully and knowingly[,] by means of forcible compulsion, subject[ing the victim] to sexual contact" and that defendant had committed the crime of first-degree rape by "unlawfully and knowingly, by forcible compulsion, engag[ing] in sexual intercourse with [the victim]."

ORS 163.375 establishes the crime of first-degree rape and, in relevant part, provides:

"(1)   A person who has sexual intercourse with another person commits the crime of rape in the first degree if:

"(a)   The victim is *subjected to forcible compulsion* by the person[.]"

---

[1] Defendant was convicted of one count of first-degree rape and three counts of first-degree sexual abuse.

(Emphasis added.) Similarly, ORS 163.427 establishes, in relevant part:

"(1)   A person commits the crime of sexual abuse in the first-degree when that person:

"(a)   Subjects another person to sexual contact and:

"* * * * *

"(B)   The victim is *subjected to forcible compulsion* by the actor[.]"

(Emphasis added.) Hence, in order for the jury to convict defendant of first-degree rape and first-degree sexual abuse, the state was required to prove, among other things, that defendant subjected the victim to forcible compulsion. In turn, ORS 163.305(2) provides:

" 'Forcible compulsion' means to compel by:

"(a)   Physical force; or

"(b)   A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

Defendant submitted to the trial court a written jury instruction that would have told the jury that it could convict defendant of first-degree rape and first-degree sexual abuse only if it found beyond a reasonable doubt that he had knowingly subjected the victim to forcible compulsion. The court refused to give defendant's requested jury instruction and, instead, gave the following instruction about the required elements of those crimes:

"Oregon law provides that a person commits the crime of Sex Abuse in the First Degree when the person knowingly subjects another to sexual contact and the victim is subject to forcible compulsion by the actor.

"So in this case to establish the crime of Sex Abuse—Sexual Abuse in the First Degree as alleged in Count 2, the State must prove beyond a reasonable doubt the following four elements: Number one, the act occurred in Multnomah County, Oregon; number two, that the act occurred on or about April 7, 2007; number three, that [the defendant] knowingly subjected [the victim] to sexual contact * * *; and

number four, *that [the victim] was subject[ed] to forcible compulsion by the actor, that is, the defendant.*

"In this case to establish the crime of Sexual Abuse in the First Degree as alleged in Count 3, the State must prove beyond a reasonable doubt * * * that [the defendant] knowingly subjected [the victim] to sexual contact * * *; and * * * *that [the victim] was subjected to forcible compulsion by the defendant.*

"And in this case to establish the crime of Sexual Abuse in the First Degree as alleged in Count 4, the State must prove beyond a reasonable doubt * * * that [the defendant] knowingly subjected [the victim] to sexual contact * * *; and * * * *that [the victim] was subjected to forcible compulsion by the defendant.*

"* * * * *

"Oregon law provides that a person commits the crime of Rape in the First Degree if the person knowingly has sexual intercourse with another and the other person is subjected to forcible compulsion by him. So in this case to establish the crime of Rape in the First Degree as alleged in Count 6, the State must prove beyond a reasonable doubt the following four elements: Number one, that the act occurred in Multnomah County, Oregon; number two, that the act occurred on or about April 7, 2007; number three, that [the defendant] knowingly had sexual intercourse with [the victim]; and, number four, *that [the victim] was subjected to forcible compulsion by him.*"

(Emphasis added.) The court also instructed the jury that

"[f]orcible compulsion is defined as follows: * * * To compel by either physical force or a threat, express or implied, that places a person in fear of imminent or future death or physical injury to self or another person or in fear that the other person will immediately or in the future be kidnapped."

As can thus be seen, the trial court's jury instructions did not tell the jury that it had to find beyond a reasonable doubt that defendant had *knowingly* subjected the victim to forcible compulsion in order to convict him of first-degree rape and first-degree sexual abuse. After the court instructed the jury, defendant took an exception to the court's failure to give his proposed instruction requiring the state to prove that he knowingly subjected the victim to forcible compulsion.

■     On appeal, defendant argues that forcible compulsion is a material element of the crimes of first-degree rape and first-degree sexual abuse and that, therefore, the state was required to prove a culpable mental state with respect to that element. In light of that requirement, defendant asserts that the trial court erred in failing to instruct the jury that the state was required to prove that he knowingly subjected the victim to forcible compulsion. As explained below, we agree with defendant.

We review a court's instructions to a jury for legal error. *State v. Crosby*, 342 Or 419, 427, 154 P3d 97 (2007). Accordingly, we begin by relating the relevant legal framework. Both ORS 163.375 and ORS 163.427 are part of the Oregon Criminal Code, *see* ORS 161.005, and neither statute explicitly prescribes a culpable mental state for the crimes of first-degree sexual abuse and first-degree rape. Accordingly, ORS 161.095(2) and ORS 161.115(2) govern whether and how a culpable mental state attaches to the elements of those crimes. *See, e.g., State v. Rainoldi*, 236 Or App 129, 141-47, 235 P3d 710 (2010), *rev allowed*, 349 Or 654 (2011).

ORS 161.115(2) explains that, "[e]xcept as provided in ORS 161.105, if a statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts intentionally, knowingly, recklessly or with criminal negligence."[2] Further, ORS 161.095(2) provides that "a person is not guilty of an offense unless the person acts with a culpable mental state with respect to *each material element of the offense that necessarily requires a culpable mental state*." (Emphasis added.)

■     Generally speaking, there are three categories of material elements in Oregon's criminal statutes: conduct, circumstance, and result. *Crosby*, 342 Or at 429. As has frequently been noted, the task of determining whether an element of a crime is a material one "that necessarily requires a culpable mental state," ORS 161.095(2), "has long vexed Oregon courts," *Rainoldi*, 236 Or App at 141.[3] However, our

---

[2] The exceptions provided in ORS 161.105 apply to offenses that constitute a violation or that exist outside the Oregon Criminal Code and, thus, are not applicable to this case.

[3] *See, e.g., State v. Blanton*, 284 Or 591, 595, 588 P2d 28 (1978) (noting the phrase "introduces a confusing appearance of circularity"); *State v. Rutley*, 202 Or

recent decision in *Rainoldi* has helped to clarify the contours of that analysis. After engaging in a thorough review of the legislative history of ORS 161.095 and ORS 161.115, we concluded in *Rainoldi* that

> "the phrase 'that necessarily requires a culpable mental state' requires us to determine whether the element in question concerns the substance or quality of the crime— the harm or evil sought to be prevented—or whether the element concerns venue, jurisdiction, statute of limitations, or something similar."

236 Or App at 147. Thus, we must determine whether the element of the crimes of first-degree rape and first-degree sexual abuse requiring the victim to have been "subjected to forcible compulsion" by defendant is a material one that relates to the harm or evil that the legislature sought to prevent by enacting those statutes. If so, then it is a material element of the crimes of first-degree rape and first-degree sexual abuse to which a culpable mental state applies.

First, we conclude that the "subjected to forcible compulsion" element of both first-degree rape and first-degree sexual abuse is properly categorized as conduct that constitutes a material element of those crimes. A person who is subjected to forcible compulsion under those statutes necessarily is also the target of a specific act by the defendant— *viz.*, "physical force" or "[a] threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped." ORS 163.305(2); *see also Webster's Third New Int'l Dictionary* 2275 (unabridged ed 2002) (defining the verb form of "subject," in part, to mean "to bring under control or dominion : SUBJUGATE ‹subjecting primitive peoples to colonial rule›"). Accordingly, the "subjected to forcible compulsion" element describes a particular form of prohibited conduct and is thus a material element of the crimes of first-degree rape and first-degree sexual abuse. *See Crosby*, 342 Or at 429 ("Conduct * * * [is one of] the types of material elements that

---

App 639, 643, 123 P3d 334 (2005), *aff'd in part, rev'd in part*, 343 Or 368, 171 P3d 361 (2007) ("As the Supreme Court and this court have noted in somewhat more euphemistic terms, that rule * * * is gibberish.").

will be found in criminal statutes."); ORS 161.085(4) (defining "conduct" as "an act or omission and its accompanying mental state").

Second, we conclude that the "subjected to forcible compulsion" element of first-degree rape and first-degree sexual abuse "necessarily requires a culpable mental state" because it directly "concerns the substance or quality of the crime[s]—the harm or evil sought to be prevented." *Rainoldi,* 236 Or App at 147. The words used by the legislature in ORS 163.375 and ORS 163.427 to describe those crimes cement our conclusion. The requirement that a defendant have subjected a victim to forcible compulsion is the specific additional element that elevates nonconsensual sexual intercourse from a Class C felony, ORS 163.425, to a Class A felony, ORS 163.375(1)(a), (2); and that elevates nonconsensual sexual contact from a Class A misdemeanor, ORS 163.415(1)(a), (2), to a Class B felony, ORS 163.427(1)(a)(B), (2). Those statutory distinctions embody a legislative choice to impose a greater punishment when a defendant goes beyond subjecting the victim to nonconsensual sexual intercourse or sexual contact by subjecting the victim to forcible compulsion. Thus, the act of subjecting a victim to forcible compulsion is a "harm or evil" that the legislature specifically sought to prevent in enacting ORS 163.375 and ORS 163.427. *Rainoldi,* 236 Or App at 147. Accordingly, a culpable mental state applies to the forcible compulsion element of those crimes, and the state was required to prove beyond a reasonable doubt that defendant acted with the requisite mental state with respect to that element.

We need not decide in this case which culpable mental states apply to the forcible compulsion elements of first-degree rape and first-degree sexual abuse. That is because the state indicted defendant for those crimes referring solely to a "knowing" mental state and, thus, the state was required to prove that defendant acted with a "knowing" mental state with respect to all material elements of the crimes.[4] *See, e.g.,*

---

[4] As explained above, Counts 2 through 4 of the indictment accused defendant of committing the crime of first-degree sexual abuse by "unlawfully and knowingly[,] by means of forcible compulsion, subject[ing the victim] to sexual contact." Similarly, Count 6 of the indictment accused defendant of committing the crime of first-degree rape by "unlawfully and knowingly, by forcible compulsion, engag[ing] in sexual intercourse with [the victim]."

*State v. Bell*, 220 Or App 266, 269, 185 P3d 541 (2008) ("Although ORS 164.135 specifies no culpable mental state, because the state alleged in its indictment that defendant acted 'knowingly,' the state was required to prove that defendant *actually knew* that the car was stolen." (Emphasis in original.)); *State v. Lane*, 341 Or 433, 440, 144 P3d 927 (2006) (concluding that the state was required to prove the culpable mental state alleged in the indictment despite the fact that the relevant criminal statute specified no mental state).

In light of the above considerations, we conclude that the trial court erred by failing to instruct the jury that, in order to convict defendant of first-degree rape and first-degree sexual abuse, the state was required to prove that defendant knowingly subjected the victim to forcible compulsion. *See State v. Pine*, 336 Or 194, 209-10, 82 P3d 130 (2003) (conviction reversed because instructions allowed jury to find the defendant guilty even if jury failed to find the state had proven an element of the crime); *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990) (trial court committed reversible error by failing to instruct jury on element of crime).

Convictions for first-degree rape and first-degree sexual abuse reversed and remanded; remanded for resentencing; otherwise affirmed.