Submitted February 22, 2013, conviction for first-degree sexual abuse reversed and remanded; remanded for resentencing; otherwise affirmed October 8, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEROY MANUEL CAPOTE,
*Defendant-Appellant.*

Coos County Circuit Court
10CR0526; A147458

337 P3d 858

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for first-degree sexual abuse, ORS 163.427,[1] assigning error to the trial court's failure to instruct the jury that the state had to prove that he knowingly used forcible compulsion in committing the abuse.[2] Although defendant failed to preserve that assignment, we conclude that the trial court committed plain error by failing to properly instruct the jury on forcible compulsion, and we exercise our discretion to correct the error. We reverse and remand with respect to that conviction.

Less than a year after defendant's trial, we held that a defendant charged with first-degree sexual abuse is entitled to a jury instruction that the state must prove that the defendant knowingly used forcible compulsion in committing the crime. *State v. Nelson*, 241 Or App 681, 688, 251 P3d 240 (2011), *rev dismissed as improvidently allowed*, 354 Or 62 (2013) ("Accordingly, a culpable mental state applies to the forcible compulsion element of those crimes, [including first-degree sexual abuse,] and the state was required to prove beyond a reasonable doubt that defendant acted with the requisite mental state with respect to that element."). More recently, we concluded that a trial court's failure to give that jury instruction constituted plain error. *State v. Gray*, 261 Or App 121, 130, 322 P3d 1094 (2014). We conclude that the same is true here, and, for the reasons stated in *Gray*, 261 Or App at 131-32, we exercise our discretion to correct the error in this case.

Conviction for first-degree sexual abuse reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] ORS 163.427(1) provides:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age;

"(B) The victim is subjected to forcible compulsion by the actor[.]"

[2] Defendant raises three other assignments of error, which we reject without discussion. Defendant was also convicted of third-degree sexual abuse, ORS 163.415, but he does not challenge that conviction on appeal.