DEHOOG, P.J.
*420 *412 Petitioner appeals the denial of his petition for post-conviction relief from his 2010 convictions for first-degree rape and first-degree sexual abuse. Petitioner raises four challenges to the post-conviction court's ruling; all four assignments of error allege that the court erred in denying his claims based on constitutionally inadequate and ineffective assistance of trial counsel. We reject petitioner's first three assignments of error without discussion. We write, however, to address petitioner's fourth assignment, relating to a jury instruction that counsel did not request. Because petitioner has failed to establish that counsel's allegedly deficient performance in failing to request the instruction prejudiced him, we affirm.
In 2010, petitioner was convicted by a jury of first-degree rape, ORS 163.375, and first-degree sexual abuse, ORS 163.427, for the 2002 sexual assault of a 14-year-old family friend. We affirmed the convictions on direct appeal. State v. O'Hara , 251 Or. App. 244, 283 P.3d 396 (2012), rev. den. , 353 Or. 209, 297 P.3d 481 (2013). Petitioner then petitioned for post-conviction relief. Petitioner raised several claims of error, all alleging that his trial counsel had been constitutionally inadequate. The post-conviction court denied relief, concluding that petitioner had not demonstrated deficient performance or prejudice as to any of his claims. This appeal followed.
We review post-conviction proceedings for errors of law. Green v. Franke , 357 Or. 301, 312, 350 P.3d 188 (2015). The post-conviction court's historical findings of fact are binding on this court if evidence in the record supports those findings. Id. "If the post-conviction court failed to make findings of fact on all the issues-and there is evidence from which such facts could be decided more than one way-we will presume that the facts were decided consistently with the post-conviction court's conclusions of law." Id.
Both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution protect a criminal defendant's right to counsel. Farmer v. Premo , 283 Or. App. 731, 739, 390 P.3d 1054, rev allowed , *421 362 Or. 208, 407 P.3d 815 (2017). The Oregon Supreme Court has recognized that "the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." Montez v. Czerniak , 355 Or. 1, 6-7, 322 P.3d 487 (2014), adh'd to as modified on recons , 355 Or. 598, 330 P.3d 595 (2014). Both constitutions provide a right " 'not just to a lawyer in name only, but to a lawyer who provides adequate assistance.' " Id. at 6, 322 P.3d 487 (quoting State v. Smith , 339 Or. 515, 526, 123 P.3d 261 (2005) (emphasis added) ). Accordingly, a petitioner may raise a challenge to the constitutional adequacy of his or her counsel's assistance on post-conviction review. See ORS 138.530(1)(a). "To prevail on a post-conviction claim of inadequate assistance of counsel, the burden is on the petitioner to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice as a result." Lambert v. Palmateer , 182 Or. App. 130, 135, 47 P.3d 907 (2002), adh'd to as modified on recons , 187 Or. App. 528, 69 P.3d 725, rev. den. , 336 Or. 125, 79 P.3d 882 (2003).
As he did in his petition for post-conviction relief, petitioner argues on appeal that his trial attorneys performed deficiently because they failed to request a jury instruction stating that, to establish the offenses of first-degree rape and first-degree sexual abuse as charged, the state must prove that he knowingly subjected the victim to forcible compulsion. Because, after petitioner's trial, we held in another case that such knowledge is a material element of that offense, petitioner contends that his attorneys provided inadequate assistance when they failed to request an instruction advising the jury of that requirement. The superintendent argues in response that counsel acted reasonably by not seeking the instruction; the superintendent alternatively argues that petitioner has failed to demonstrate prejudice.
The indictment in petitioner's case alleged that he had "unlawfully and knowingly" committed *413 first-degree rape "by forcible compulsion," ORS 163.375(1)(a), and "unlawfully and knowingly" committed first-degree sexual abuse "by *422 means of forcible compulsion," ORS 163.427 (1)(a)(B).[1] In a decision issued the year after petitioner's trial, we held that the element of "subjected to forcible compulsion" common to the offenses of first-degree rape and first-degree sexual abuse "necessarily requires a culpable mental state." State v. Nelson , 241 Or. App. 681, 688, 251 P.3d 240 (2011), rev. dismissed as improvidently allowed , 354 Or. 62, 308 P.3d 206 (2012) (internal quotation marks omitted). Because the trial court in Nelson had refused to give the defendant's proposed jury instruction correctly stating that rule, we reversed the defendant's convictions. Id. at 689, 251 P.3d 240. We have subsequently held-in cases involving trials held after Nelson -that the failure "to instruct the jury that, to convict, it must determine that the state has proved beyond a reasonable doubt that defendant acted with a culpable mental state in subjecting the victim to forcible compulsion" is a legal error that is "obvious" and "not reasonably in dispute"; in other words, plain error. State v. Gray , 261 Or. App. 121, 130, 322 P.3d 1094 (2014) ; see also State v. Waldbillig , 282 Or. App. 84, 89-90, 386 P.3d 51 (2016), rev. den. , 361 Or. 350, 393 P.3d 1179 (2017) (finding the failure to instruct on a culpable mental state for forcible compulsion was plain error and listing other cases holding the same); ORAP 5.45(1) (stating the requirements for plain error review).
As Nelson and the cases following it have made clear, the jury must be instructed that, to convict a defendant of first-degree rape or first-degree sexual abuse under a theory of forcible compulsion, the state must prove beyond a reasonable doubt that the defendant acted with a culpable mental state in subjecting the victim to forcible compulsion. But, in this case, petitioner's trial occurred before our decision in Nelson . Nonetheless, petitioner argues (as he did at the post-conviction trial) that his attorneys were deficient because any reasonable defense attorney would have requested the instruction even before Nelson . We need not decide, however, whether counsel's failure to request the *423 instruction was deficient performance, because petitioner has not shown that the allegedly deficient performance prejudiced him.
A claim of ineffective assistance of counsel requires the petitioner to show prejudice. See Lambert , 182 Or. App. at 135, 47 P.3d 907 (a petitioner must show both deficient performance and prejudice to prevail). And to demonstrate prejudice, a petitioner must show that " 'counsel's failure had a tendency to affect the result of his trial.' " Montez , 355 Or. at 7, 322 P.3d 487 (quoting Lichau v. Baldwin , 333 Or. 350, 359, 39 P.3d 851 (2002) ). In this case, because the jury found petitioner guilty of both first-degree rape and first-degree sexual abuse, it necessarily found beyond a reasonable doubt that petitioner had subjected the victim to forcible compulsion, an element on which the trial court did instruct the jury. Thus, to establish prejudice, petitioner would have to show that, despite the jury's apparent determination that petitioner had subjected the victim to forcible compulsion, the jury could nonetheless have been unpersuaded that petitioner's use of forcible compulsion was knowing . Only if the jury could have viewed the evidence in that way could counsel's failure to request an instruction on that point have had a tendency to affect the outcome of his trial. Furthermore, if there is only the mere possibility that the jury could have not found that petitioner's use of forcible compulsion was knowing, counsel's allegedly deficient performance cannot have prejudiced petitioner. See Green , 357 Or. at 322, 350 P.3d 188 ("[T]he tendency to affect the outcome standard demands more than mere possibility, but less than probability.").
To determine whether the post-conviction court erred in concluding that petitioner had not made the required showing of prejudice, *414 we consider the evidence presented at petitioner's underlying trial. The evidence of forcible compulsion in this case came primarily through the victim's testimony. The victim testified that petitioner had stayed at her house overnight to babysit the victim and her brothers while her parents were away. According to the victim, petitioner called her into the bedroom where he was staying. He then kissed her, took off her shirt, pushed her down on the bed, pulled down her shorts, and raped her. Petitioner held the victim's wrists and forearms above her head and, *424 during the rape, the victim cried and said, "I don't want to be here. I don't want this." When asked how much force had been used, the victim testified that petitioner used his "body weight" but no "extra force."
Beyond that evidence of petitioner's physical conduct, there was evidence that the victim was 14 years old at the time, while petitioner was in his forties. He was a close family friend who, as an adult, was placed in control of the victim, who was a child. Finally, there was evidence that their size differed greatly, with petitioner weighing almost twice as much as the victim. In addition to a defendant's physical acts, we consider each of those circumstances relevant to the jury's determination whether a defendant's conduct constituted forcible compulsion. See State v. Marshall , 350 Or. 208, 226, 253 P.3d 1017 (2011) (identifying as relevant considerations such things as the victim's age; differences between defendant and victim in age, size, and strength; and the specific relationship between defendant and victim). We recognize that the decision in Marshall predated Nelson , and that it did not consider whether that evidence of forcible compulsion was also probative of the defendant's knowledge that his conduct was of that nature. Given, however, that the jury must almost always rely on inferences to determine a defendant's mental state, it follows that the stronger the evidence is that a defendant's conduct is of a particular quality, the more likely the jury is to infer that the defendant was aware of that fact.
In light of the jury's finding that petitioner engaged in forcible compulsion; the ample evidence in support of that determination; and the probative value that the same evidence had in regard to petitioner's mental state, we conclude that petitioner was not prejudiced by counsel's failure to request the jury instruction that our case law now requires. In reaching that conclusion, we note that we are aware of no theory by which the jury in this case could have found beyond a reasonable doubt that petitioner subjected the victim to forcible compulsion-as the jury did-while also finding that petitioner did so unknowingly . Compare Gray , 261 Or. App. at 131-32, 322 P.3d 1094 (failure to instruct jury regarding mental state requirement was not harmless where defendant and victim were in intimate relationship and had previously *425 engaged in consensual sexual activity involving force), with State v. Ross , 271 Or. App. 1, 10-12, 349 P.3d 620, rev. den. , 357 Or. 743, 361 P.3d 608 (2015) (where jury necessarily credited victim's account in finding forcible compulsion, error was harmless because, despite the defendant's testimony that the encounter had been consensual, there was no evidentiary basis from which the jury could not find that the defendant acted knowingly; distinguishing Grey ); see also Horn v. Hill , 180 Or. App. 139, 149, 41 P.3d 1127 (2002) (observing that "an error that meets the constitutional standard for harmless error also would not have a tendency to affect the outcome of a post-conviction petitioner's prosecution"). At trial, because petitioner's defense was that the alleged contact had not occurred, he did not contend that he could reasonably have viewed the victim as a willing participant, or at least one who was not forced into compliance. Nor has petitioner suggested on appeal that the jury could have viewed the evidence as supporting any such theory. Rather, petitioner argues that counsel's failure to request the instruction prejudiced him because the jury returned a nonunanimous verdict, an argument that we have previously rejected in similar circumstances. See Waldbillig , 282 Or. App. at 95, 386 P.3d 51 (rejecting defendant's argument that a nonunanimous jury verdict was a reason to find that the failure to give an instruction was not harmless). In short, neither the evidence nor petitioner's argument demonstrates that counsel's allegedly deficient performance could have tended to affect the *415 outcome of this case. Without that showing of prejudice, petitioner's claim of ineffective assistance of counsel necessarily fails. Therefore, the post-conviction court did not err in denying the petition.
Affirmed.

ORS 163.305(1) defines "forcible compulsion":
" 'Forcible compulsion' means to compel by:
"(a) Physical force; or
"(b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."