642 August 28, 2024 No. 608

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SHANE ANTHONY ZORNES,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV40954; A181080

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner, who was convicted by a jury of second-degree murder, appeals a judgment denying his petition for post-conviction relief. He argues that his trial counsel provided constitutionally inadequate and ineffective assistance when counsel failed to move the trial court to provide self-defense instructions to the jury. We review the post-conviction court's denial of post-conviction relief for legal error, accepting the court's supported implicit and explicit factual findings. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.

Petitioner was tried by a jury for murder for intentionally shooting the victim outside of a nightclub. At trial, multiple witnesses to the incident testified that petitioner and a group of friends were out for a night of partying during which they consumed cocaine and excessive amounts of alcohol. At some point during their night, petitioner and his friend group had a confrontation with the victim and his friend group. Eyewitnesses testified that they saw petitioner and the victim exchange verbal remarks before petitioner pulled a gun out, pointed it at the victim's chest, and fatally shot him. Afterwards, petitioner fled Oregon to Washington, where he was apprehended several days later. Petitioner admitted to shooting the victim, but claimed it was in self-defense, because the victim did not heed petitioner's warnings to move away from the groups.

Petitioner's defense counsel argued at trial that petitioner was intoxicated at the time of the shooting and that he therefore lacked the necessary mental state to commit murder; rather than act intentionally, counsel argued that petitioner may have acted recklessly when he shot the victim.

The jury convicted petitioner of intentionally murdering the victim. We affirmed on direct appeal, and the Supreme Court denied review. *State v. Zornes*, 299 Or App 667, 449 P3d 607 (2019), *rev den*, 366 Or 259 (2020).

Petitioner then filed for post-conviction relief. He alleged that his trial counsel provided constitutionally deficient representation when counsel failed to request a jury

instruction for the defense of justification; that is, that petitioner was justified in shooting the victim in defense of himself and others. In response to the allegation, counsel stated that he presented both the lack-of-intent and justification defenses to petitioner, and that he advised petitioner to select only one defense so as to not lose credibility with the jury because presenting both defenses would be contradictory. Counsel thought that the lack-of-intent defense was the stronger defense, and petitioner opted for that defense theory.

The post-conviction court denied relief, determining that trial counsel made a reasonable strategic decision to pursue the lack-of-intent defense given that no witnesses—apart from petitioner—supported petitioner's self-defense theory. Petitioner appeals.

The standards for inadequate assistance of counsel under both the state and federal constitutions are "functionally equivalent": a petitioner must show that counsel failed to exercise reasonable professional skill and judgment, and that counsel's deficient performance had a tendency to affect the outcome of the case. *Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023).

We conclude that the post-conviction court did not err in determining that counsel exercised reasonable professional skill and judgment when counsel did not request that the jury be instructed on the defense of justification. That is because the evidence weighed heavily against the theory that the shooting was justified; petitioner himself was the only witness out of six to the crime that testified to facts that would suggest that petitioner acted in self-defense, or in defense of others. In addition, the facts of the shooting supported counsel's recommendation to pursue a lack-of-intent defense given petitioner's high levels of intoxication. Under those circumstances, it was reasonable for counsel to determine that petitioner would have lost credibility with the jury had it been provided a self-defense instruction. *See Lambert v. Plamateer*, 182 Or App 130, 135-36, 47 P3d 907 (2002), *adh'd to as modified on recons*, 187 Or App 528, *rev den*, 336 Or 125 (2003) (trial counsel not ineffective for foregoing a self-defense theory when arguing such a defense would have

been incompatible with the other defense theory pursued by counsel). For the same reasons that counsel elected to not provide a self-defense instruction, there is little likelihood that had the jury been given such an instruction, they would have credited petitioner's account of the shooting over the accounts of the other five witnesses.

Affirmed.