Argued and submitted September 23, affirmed December 10, 2014, petition for review denied March 26, 2015 (357 Or 111)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICKY LEE DIGESTI,
aka Ricky Lee Digest,
*Defendant-Appellant.*

Deschutes County Circuit Court
12FE0233; A152522

340 P3d 762

Neil Francis Byl, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, argued the cause for respondent. On the answering brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General. With her on the supplemental answering brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for two counts of sexual abuse in the first degree, (Counts 1 and 2), ORS 163.427,[1] raising five assignments of error. We reject without discussion defendant's third and fourth assignments of error. In his first and second assignments of error, defendant argues that the trial court erred in denying his motion for judgment of acquittal on Count 1 and Count 2, respectively, because "[f]orcefully keeping a door closed in an effort to prevent the victim from leaving [the bathroom] is not 'physical force' within the meaning of ORS 163.305(2),[2] the statute defining 'forcible compulsion.'" In a supplemental assignment of error, defendant argues that the trial court committed plain error by improperly instructing the jury and asks us to exercise our discretion to correct that plain error under ORAP 5.45(1). *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 381-82, 823 P2d 956 (1991) (describing plain error doctrine). For the reasons that follow, we affirm.

The record discloses the following facts. At the time of the events in question, the victim, S, was 15 years old, and defendant was 48 years old. S was the daughter of defendant's neighbor. S, her mother, and other people, including defendant, were having a bonfire at S's house, and S went into her house to use the bathroom. In S's house, the bathroom door opened into the bathroom, and the door lock was broken.

While S was finishing using the bathroom and pulling up her pants, defendant opened the bathroom door,

---

[1] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"* * * * *

"(B) The victim is subjected to forcible compulsion by the actor[.]"

[2] ORS 163.305(2) provides:

"'Forcible compulsion' means to compel by:

"(a) Physical force; or

"(b) A threat, express or implied, that places a person in fear of immediate or future death or physical injury to self or another person, or in fear that the person or another person will immediately or in the future be kidnapped."

entered the bathroom, and turned off the lights. He also attempted to lock the bathroom door, but the door did not lock.

Defendant started "feeling [S] up." He placed his left hand on her breast and his right hand on her buttocks; the "groping lasted roughly four to five minutes." S told defendant that she wanted to leave and told defendant to leave. S did not scream, but she tried to "lighten the situation" by calmly talking to defendant and trying to get him to stop. She told him twice to stop, but defendant did not stop.

S put one hand on defendant's stomach, pushing him back, and put her other hand on the door. She tried to open the door, but defendant pressed his foot against the door so that S could not open it—that is, she could open the door "barely even an inch" because defendant's left foot was "[s]quished underneath the crack." S tried three times to open the door and leave, but each time, she could not open the door, because defendant was blocking the door shut with his foot. S was shocked and shaking.

Defendant's girlfriend, Stolz, appeared and shoved the door partway open from the other side—wider than S had been able to open it. Stolz got one hand in the door and turned on the light. When the lights went on, S noticed that defendant's pants and boxers were all the way down, so S backed up. Defendant then held the door shut with his foot and shoulder.

Stolz pushed the door a second time and squeezed her way into the bathroom. She pushed S out of the way and began slapping and yelling at defendant. Defendant twice punched Stolz in the face. S placed her hand on the door, and she saw defendant's fist hit Stolz "square on the face" a third time.

S then elbowed defendant into the wall and slammed the door inward on him—that is, she "squished [defendant] in the door." S pushed Stolz out of the bathroom, and they went outside.

Defendant was subsequently charged with two counts of first-degree sexual abuse, and the case proceeded

to trial. The trial court instructed the jury on the elements of first-degree sexual abuse as follows:

"Now we're going to go into the—in the details of these charges. And we're going to start with Count 1, which is Sexual Abuse in the First Degree, and under Oregon law, a person commits the crime of Sexual Abuse in the First Degree when the person intentionally subjects another person to sexual contact *and the victim is subjected to forcible compulsion by the actor, by the defendant.*

"Okay. So with regard to Count 1, to establish the crime of Sexual Abuse in the First Degree, the State must prove beyond a reasonable doubt the following four elements or facts:

"First, that the act occurred in Deschutes County, Oregon.

"Second, that the act occurred on or about February 24th, 2012.

"Third, that the defendant * * * intentionally subjected [S] to sexual contact and specifically by touching her breast.

*"And, last, that [S] was subjected to forcible compulsion by the defendant.*

"So * * * Count 2 is identical to Count 1. I'm not going to redefine Sexual Abuse in the First Degree for you. But the difference is that the—with regard to Count 2, the State has to prove that the defendant * * * intentionally subjected [S] to sexual contact, and with regard to that count, specifically by touching her buttocks. The State, of course, has to prove the other material elements, too; Deschutes County, February 24th, *and that [S] was subjected to forcible compulsion by the defendant.*"

(Emphases added.)

The court also instructed the jury that

"[f]orcible compulsion means to compel the victim by physical force. By physical force, to submit to sexual contact against her will.

"Now there's more, though. Forcible compulsion by means of physical force need not rise to the level of violence.

"However, the physical force has to be greater in degree or different in kind from the simple movement and contact

that is inherent in the act of touching the intimate part of another.

"So it's not simply the act of the touching. It's got to be greater in degree or different in kind. And the force must be sufficient to compel the victim to submit to the sexual contact."

Defendant did not object to those instructions or propose different instructions. The jury convicted defendant of both counts of first-degree sexual abuse, and defendant now appeals.

On appeal, defendant first contends that the trial court erred in denying his motion for judgment of acquittal on both counts of first-degree sexual abuse because "[f]orcefully keeping a door closed in an effort to prevent the victim from leaving [the bathroom] is not 'physical force' within the meaning of ORS 163.305(2), the statute defining 'forcible compulsion.'" When reviewing the denial of a motion for judgment of acquittal, "[w]e view the evidence in the light most favorable to the state to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998).

Pursuant to ORS 163.305(2), "'[f]orcible compulsion' means to compel by: (a) [p]hysical force[] or (b) [a] threat[.]" In *State v. Marshall*, 350 Or 208, 225, 253 P3d 1017 (2011), the Oregon Supreme Court explained that "'forcible compulsion' by means of physical force must involve physical force that is greater in degree or different in kind than the minimal force that is inherent in 'subjecting' a victim to 'sexual contact.'" It also stated that "[t]he physical force must be sufficient to 'compel' the victim, against the victim's will, to submit to or engage in the sexual contact, but it need not rise to the level of violence." *Id.* The court further stated:

"In determining whether the physical force used by the defendant against the particular victim was sufficient to compel that victim to submit to or engage in the sexual contact, the trier of fact may consider circumstances known to the defendant that relate to whether the victim was in fact 'compelled,' such as the victim's age; the differences in age,

size, and strength between the victim and the defendant; the relationship between the victim and the defendant; and similar facts."

*Id.* at 226.

The defendant in *Marshall* was convicted of two counts of first-degree sexual abuse. The first count involved the defendant forcing the victim's hands down his pants against his penis and the victim pulling her hand away. The second count involved the defendant touching the victim's buttocks.

Regarding the first count, the court had "little trouble" concluding that a jury could find that the defendant used physical force "different in degree or kind from the simple movement and contact inherent in the act of the victim touching defendant's penis." *Id.* at 227-28. The court determined that "the evidence could support a finding that the physical force used was sufficient to compel a person in the victim's circumstances to engage in the sexual contact[,]" stating:

> "Here, the victim was a 14-year-old girl and the defendant was a 27-year-old man, a friend of the victim's mother who had been living in the victim's home for a short time. The crime took place in the victim's room, where she had been sleeping in her bed when she awoke to find defendant lying partially on top of her. The physical setting, the victim's age, the age difference between the victim and defendant, and the fact that the victim's mother had welcomed defendant into her home, all contributed to a situation in which the jury reasonably could conclude that the physical force that defendant exerted was sufficient to cause a person of that age and in those circumstances to submit to the physical contact against her will."

*Id.* at 228.

Regarding the second count, the court reached the opposite conclusion. When analyzing the evidence to support that count, the court concluded that nothing in the record suggested that defendant's touching of the victim's buttocks "involved any greater or different force than was inherent in that particular sexual contact" "or that defendant exerted any physical force other than that involved in

briefly touching the victim's buttocks." *Id.* In so concluding, the court stated that,

> "[a]lthough the state points to *other* prior acts involving physical force—including defendant's prior act of forcing the victim's hand to his penis—as providing the requisite evidence, there was no evidence that that 'physical force' *caused* the victim to submit to defendant touching her buttocks or 'compelled' her to submit to that touching. That force did not restrain, trap, or physically coerce the victim in order to cause her to submit to defendant's later touching. To be sure, the victim did not consent to the touching, and the jury could—and did—find that defendant subjected the victim to unlawful sexual contact. However, to prove first-degree sexual abuse, the state also had to prove that defendant used 'physical force' sufficient to 'compel' the victim to submit to sexual contact against her will. In light of the state's failure to prove any act of physical force by defendant that could have compelled the victim to submit to the second sexual contact charged, we conclude that the evidence of forcible compulsion as to that latter charge was insufficient to create a question for the jury."

*Id.* at 228-29 (emphases in original).

In this case, the issue is whether, based on evidence that defendant, while he was "groping" 15-year-old S, pressed his foot against the bathroom door, such that S could not open the door and leave the bathroom for roughly four to five minutes, despite her repeated attempts to do so, a jury reasonably could conclude that the physical force that defendant exerted was sufficient to cause or compel a person of that age and in those circumstances to submit to the sexual contact against her will. Defendant argues that that evidence is insufficient because the *Marshall* inquiry centers on whether the physical force used by the defendant *against the particular victim* was sufficient to cause or compel the victim to submit to or engage in the sexual contact. According to defendant, here, the physical force was not used against the particular victim, but against the door.

Defendant's argument is without merit. As noted, the evidence shows that defendant pressed his foot against the door so that S could not open it—that is, she could open the door "barely even an inch" because defendant's left foot

was "[s]quished underneath the crack." The evidence also shows that, while that was occurring, S attempted to open the door and leave the bathroom three times. Furthermore, the evidence shows that defendant and S engaged in a physical struggle, during which defendant subjected S to "groping." The fact that there was a physical object (the door) against which defendant applied physical force does not compel the trier of fact to conclude that defendant applied force only to the door, and not to S, who was opposing defendant's physical force by attempting to escape from defendant, while he was "groping" her and preventing her escape. In other words, there is no requirement that the physical force applied by a defendant must be applied directly to the victim's physical body to constitute forcible compulsion under ORS 163.305(2)(a); rather, the requirement is that the defendant "subjected" the victim to physical force in a way that caused or compelled the victim to submit to the sexual contact, and a jury reasonably could conclude that that occurred in this case.

In a supplemental assignment of error, defendant contends that the trial court committed plain error when it failed to instruct the jury that, in order to convict defendant of each count of first-degree sexual abuse, the state was required to prove that defendant acted intentionally with respect to the element of "forcible compulsion." For error to be plain error, "(1) it must be legal error; (2) it must be 'apparent,' such that 'the legal point is obvious, not reasonably in dispute'; and (3) it must appear on the face of the record, such that we 'need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.'" *State v. Jury*, 185 Or App 132, 135, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)).

To support his argument, defendant cites *State v. Nelson*, 241 Or App 681, 689, 251 P3d 240 (2011), *rev dismissed*, 354 Or 62 (2012), in which we concluded "that the trial court erred by failing to instruct the jury that, in order to convict defendant of first-degree rape and first-degree sexual abuse, the state was required to prove that defendant

knowingly subjected the victim to forcible compulsion[,]" and *State v. Gray*, 261 Or App 121, 322 P3d 1094 (2014), in which we concluded that the trial court's failure to so instruct the jury was plain error. The state responds that defendant's claim does not qualify for plain error review. According to the state, "[w]hether the trial court committed error when it did not *sua sponte* give an instruction on 'intentionally' is not beyond dispute and thus is not obvious."

Even assuming that the trial court committed plain error in this case, we decline to exercise our discretion to correct the error. *See Gray*, 261 Or App at 130-31 (explaining that, "because not all plain error is reversible[,]" after we conclude that an error is plain, "we must then decide whether to exercise our discretion to correct the error"). In determining whether to correct a plain error, we consider several factors, including the gravity of the error, the ends of justice in the particular case, and whether the policies underlying the preservation requirement were served in another way. *Ailes*, 312 Or at 382 n 6. We also consider whether the error was harmless—that is, whether there was little likelihood that the error affected the verdict. *See Gray*, 261 Or App at 131-32. Because "correction of an unpreserved error is contrary to the policies requiring preservation[,]" we undertake the correction of an unpreserved error "with utmost caution." *State v. Benson*, 246 Or App 262, 267, 265 P3d 58 (2011).

In *Gray*, we exercised our discretion to correct the trial court's plain error, in part, because we agreed with the defendant that the error was not harmless—that is, "the absence of a specific instruction with respect to defendant's mental state [could not] be said to have had little likelihood to have affected the verdicts." *Gray*, 261 Or App at 131-32 (internal quotation marks omitted). In that case, at the time of the events giving rise to the defendant's convictions, the defendant and the victim were living together as a married couple, and certain behaviors, including hair-pulling and the defendant placing his hands on the victim's neck, "had previously been accepted sexual behavior in their relationship." *Id.* at 122. In that context, we agreed with the defendant that "a reasonable juror might have doubted whether defendant knew that he had subjected [the victim] to forcible compulsion[.]" *Id.* at 131.

After reviewing the facts of this case, however, we decline to exercise our discretion to correct the trial court's alleged error because we conclude that any error was harmless. The circumstances in this case are markedly different from those in *Gray*. As noted above, the evidence of forcible compulsion in this case is that defendant, while he was "groping" 15-year-old S, pressed his foot against the bathroom door, such that S could not open the door and leave the bathroom for roughly four to five minutes, despite her repeated attempts to do so. (Even defendant characterizes his conduct as "[f]orcefully keeping a door closed in an effort to prevent the victim from leaving [the bathroom.]") Under those circumstances, there is little likelihood that the jury would find that defendant physically prevented S from leaving the bathroom for roughly four to five minutes, overcoming by force her repeated attempts to open the door and leave and compelling her to submit to sexual contact against her will, without intentionally doing so—that is, without the "conscious objective" to do so. *See* ORS 161.085(7) (defining "'intentionally' or 'with intent'" to mean "that a person acts with a conscious objective to cause the result or to engage in the conduct" described by a statute defining a criminal offense). Therefore, although defendant was convicted of a serious offense, we conclude that "the absence of a specific instruction with respect to defendant's mental state [can] be said to have had little likelihood to have affected the verdict[]." *Gray*, 261 Or App at 131 (internal quotation marks omitted).

Affirmed.