No. 1149          December 31, 2025          283

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MITCHELL ALLEN FARM,
*Defendant-Appellant.*

Polk County Circuit Court
22CR49329; A182501

Timothy R. Park, Judge pro tempore.

Submitted April 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Defendant seeks reversal of his convictions for 99 counts of second-degree animal neglect, ORS 167.325. In two assignments of error, he asserts that the trial court erred by overruling his objection to what he deems was a misstatement of the law by the prosecutor in closing argument regarding the culpable mental state applied to second-degree animal neglect (criminal negligence), and further erred by failing *sua sponte* to instruct the jury on the definitions of intentionally, knowingly, and recklessly after the prosecutor referenced those mental states in closing argument. Defendant further argues for the first time on appeal, and without requesting plain error review, that the prosecutor's discussion of those mental states violated his constitutional rights to be tried only on the mental state alleged in the indictment, which was criminal negligence, and to pretrial notice of the elements of the charged crimes. The state contends that defendant's constitutional arguments on appeal are unpreserved and, regardless, that the trial court did not err in overruling defendant's objection or in not instructing the jury *sua sponte* on the additional mental states after closing arguments.

We begin by concluding that defendant's constitutional arguments are unpreserved, and we decline to exercise our discretion to review those arguments. *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) ("[T]he presence of a common thread between an objection at trial and an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different." (Internal quotation marks omitted)); *State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that we "ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error") (internal quotation marks omitted).

Further, as briefly discussed below, we conclude that the trial court did not err in overruling defendant's

objection to the state's closing argument, and further conclude that the trial court's failure to *sua sponte* instruct the jury on additional culpable mental states is not plain error because it is not an obvious legal error beyond reasonable dispute. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) ("For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences."). Therefore, we affirm.

Defendant was indicted on 99 counts of animal neglect pursuant to ORS 167.325, which requires proof of a culpable mental state of criminal negligence. During closing argument, the state acknowledged that it needed to prove that defendant acted with criminal negligence, in contrast to the greater mental states of acting intentionally, knowingly, or recklessly. The state provided an example of each mental state and concluded that "if you find that he acted intentionally, knowingly, or recklessly, then, by function of law, you have also found that he acted with criminal negligence." Defendant objected, contending that the definitions of these additional mental states were not included in the jury instructions. The trial court overruled the objection, noting that the state's argument was "a correct statement of the law." Defendant did not request that the definitions be added to the jury instructions after the court overruled his objection.

Defendant contends that the state was authorized to address only the mental state necessary to prove the charged offense and not to invite the jury to make a determination beyond those parameters. However, under ORS 161.115(3), "criminal negligence * * * is also established if a person acts intentionally, knowingly, or recklessly." In informing the jury of that correct statement of the law, the state did not urge the jury to evaluate an offense beyond those included in the indictment; indeed, the prosecutor made clear that he was not asking the jury to reach a verdict based on a finding of more culpable mental states. The trial court did not err in overruling defendant's objection.

Further, the court did not plainly err by not *sua sponte* instructing the jury on the definitions of the more

culpable mental states. The trial court must instruct the jury on "all matters of law necessary for its information in giving its verdict." ORCP 59 B; ORS 136.330(1) (making ORCP 59 B applicable to criminal cases). Those instructions must include "all the elements of the charged crimes." *State v. Gray*, 261 Or App 121, 130, 322 P3d 1094 (2014); *see also State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000) ("[A] jury must be instructed concerning the necessity of agreement on all material elements of a charge in order to convict.").

Here, the court instructed on criminal negligence, the mental state charged in the indictment and necessary for the jury's verdict. The court was not plainly required to *sua sponte* instruct on other mental states. Indeed, defendant has not pointed to any case law that supports his contention that a trial court must instruct a jury on more culpable mental states that are not an element of the charged crime simply because they were referenced in closing arguments, nor are we aware of any. Any error was not plain.

Affirmed.