402 January 7, 2026 No. 4

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AFANASI EFIMOFF,
*Defendant-Appellant.*

Marion County Circuit Court
23CR14483; A183554

Tracy A. Prall, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin Carveth, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Defendant appeals his convictions for two counts of felony strangulation constituting domestic violence, ORS 163.187. The crimes were elevated to a felony based on their being committed in the immediate presence of or witnessed by a child. *See* ORS 163.187(4)(a) (elevating strangulation from a misdemeanor to a felony if "[t]he crime is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or the victim"). In his sole assignment of error, defendant contends that the trial court erred in failing to instruct the jury that a culpable mental state is required for the presence-of-a-child element, and he argues that the required mental state is knowledge, whereas in the trial court he argued for criminal negligence. We conclude that, under existing case law, the knowledge argument is unpreserved, and we reject it on that basis. As for criminal negligence, we do not address any error in that regard, given defendant's choice to abandon that preserved issue on appeal. Accordingly, we affirm.

For offenses within the Criminal Code, except violations, "a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."[1] ORS 161.095(2). "An element is 'material' unless it relates solely to the statute of limitations, jurisdiction, venue or similar matters." *State v. Simonov*, 358 Or 531, 537, 368 P3d 11 (2016) (internal quotation marks omitted). Due to the evolution of case law in this area in the past decade, we are increasingly being asked to determine what culpable mental state attaches to an element of a crime that, historically, has not been treated as requiring a culpable mental state. *See, e.g.*, *State v. Owen*, 369 Or 288, 290, 505

---

[1] Defendant summarily asserts that strangulation is not within the Criminal Code, and the state summarily agrees. However, it appears to us to be within the Criminal Code. Statutes "enacted as part of the revised Oregon Criminal Code of 1971" or that are "listed in ORS 161.005" are generally understood to be within the Criminal Code. *State v. Turnidge*, 359 Or 364, 500 n 83, 374 P3d 853 (2016). Strangulation is defined in ORS 163.187, which is within a range listed in ORS 161.005. *See* ORS 161.005 (listing ORS "163.160 to 163.208" as part of Criminal Code). As it does not affect our analysis, we assume for discussion purposes that strangulation is within the Criminal Code.

P3d 953 (2022) (overruling prior case law and holding that a culpable mental state is required for serious-physical-injury element of second-degree assault); *State v. Paul*, 345 Or App 348, 352-60, ____ P3d ____ (2025) (deciding as matter of first impression which culpable mental state is required for the caregiver element of criminal mistreatment).

A threshold question in such cases, as in all cases, is whether the claim of error presented on appeal was preserved in the trial court. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If a plain error occurred, and the error was not harmless, it is a matter of discretion whether to correct it. *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024). We may consider various factors in deciding whether to exercise our discretion, including "whether the policies behind the general rule requiring preservation of error have been served."[2] *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

In this case, in the trial court, defendant argued that a culpable mental state is required for the presence-of-a-child element of felony strangulation, advocated for criminal negligence as the required mental state, and requested

---

[2] Of course, if the purposes of preservation were truly served, then the claim of error would be deemed *preserved*. *See, e.g.*, *State v. Haynes*, 352 Or 321, 335, 284 P3d 473 (2012) ("[I]n analyzing whether a party adequately has preserved an issue for our review, we examine the individual circumstances of the case at hand to determine whether the policies underlying the rule have been sufficiently served." (Internal quotation marks omitted.)). We understand the above-cited consideration for exercising discretion when a claim of error is *unpreserved*—that "the policies behind the general rule requiring preservation of error have been served," *Ailes*, 312 Or at 382 n 6—to refer to situations in which the purposes of preservation were not sufficiently served to treat the claim of error as preserved but were served enough to weigh in favor of exercising discretion. *See, e.g.*, *State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022) (choosing to exercise discretion to correct plain error, where the defendant "did not make the precise argument" at trial that he made on appeal but did challenge the ongoing viability of the controlling precedent "and contested the culpable mental state that should apply").

jury instructions to that effect. The state argued that it did not need to prove any culpable mental state for that element. The trial court agreed with the state and instructed the jury accordingly. On appeal, defendant claims that the trial court "erred when it refused to instruct the jury that defendant was [guilty] only if he had a culpable mental state" as to the presence-of-a-child element. He now argues that knowledge is the required mental state, rather than criminal negligence. Notwithstanding that shift in his position, defendant contends that the claim of error is adequately preserved because he "put the culpability requirement * * * squarely before the trial court." The state responds that the claim of error is unpreserved, that defendant has not requested plain-error review, that any error is not plain, and that any error was also harmless.

It is both true and unsurprising that defendant has not requested plain-error review in the event that we disagree with him on preservation. Where a criminal statute does not expressly specify the culpable mental state required for a particular element, it "can be a challenging undertaking" to determine which mental state the legislature intended to attach. *State v. Propp*, 345 Or App 376, 387-88, ___ P3d ___ (2025). Once there is case law establishing the required mental state for an element, it becomes plain error not to have instructed the jury in that manner—even if the case was tried before the new case law published, as we decide error, including plain error, based on the law at the time of appeal. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error apparent on the face of the record is merely a subspecies of error generally. Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial." (Footnote omitted.)); *see, e.g.*, *State v. McKinney/ Shiffer*, 369 Or 325, 334, 505 P3d 946 (2022) (relying on another Supreme Court case decided the same day to hold that it was plain error not to give a mental-state instruction on a particular element). However, until such case law exists, it is extremely difficult, if not impossible, to successfully argue on plain-error review for a culpable mental state higher than criminal negligence. *See State v. Horton*, 327 Or App 256, 261-62, 535 P3d 338 (2023) (holding that it was

plain error not to give any mental-state instruction at all for a particular element, but that it was not plain error not to give a recklessness instruction, as the specific mental state attached to that element was "an open question in Oregon law").

Defendant's argument that a knowing mental state is required for the presence-of-a-child element of felony strangulation is therefore not one suited to plain-error review, even if we were inclined to exercise our discretion to provide such review in the absence of a request, which we are not in this instance. *See* ORAP 5.45(7) ("The court may decline to exercise its discretion to consider plain error absent a request explaining the reasons that the court should consider the error." (Footnote omitted.)); *State v. Atwood*, 332 Or App 495, 498 n 2, 549 P3d 51 (2024) ("[W]e normally will not exercise [our] discretion in the absence of an explicit request for plain-error review and concomitant plain-error arguments."). It follows that whether we reach the merits depends entirely on whether the claim of error is preserved, as defendant argues, or unpreserved, as the state argues.

As explained below, a review of the case law on preservation of claims of error relating to culpable mental-state requirements leads us to the conclude that defendant's claim of error must be deemed unpreserved.

Generally, "[w]e evaluate whether an issue is adequately preserved in light of the underlying purposes of the preservation rule—'to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record.'" *State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) (quoting *State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015)). "In practical terms, a party's argument to the trial court must be 'specific enough to ensure that the [trial] court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.'" *Id.* (quoting *Wyatt*, 331 Or at 343). Importantly, "the presence of a common thread between an objection at trial and an argument on appeal does not satisfy

the preservation requirement if the two arguments are qualitatively different." *Id*. (internal quotation marks omitted). The ultimate touchstone of the preservation requirement is procedural fairness to the parties and the trial court. *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008); *see also State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) ("Sometimes, the winds of preservation may be gauged by looking to the weathervane of trial court surprise: Would the trial court be taken aback to find itself reversed *on this issue, for this reason*?" (Emphasis in original.)).

As relevant to preservation, the Supreme Court has distinguished between "raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*." *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (emphases in original). "Raising an issue at trial 'ordinarily is essential,' whereas identifying a source is less so, and making a particular argument is the least significant." *McKinney/Shiffer*, 369 Or at 332 (quoting *Hitz*, 307 Or at 188). Of course, as this case illustrates, how one defines "the issue" can make all the difference when distinguishing between "raising an issue" and "making a particular argument."

We understand defendant to argue that he raised the necessary *issue* in the trial court—*i.e.*, that the presence-of-a-child element of felony strangulation requires a culpable mental state on which the jury must be instructed—even though his *particular argument* regarding what mental state applies has changed from criminal negligence to knowledge. That contention has some intuitive appeal. Which mental state attaches to a particular material element is a matter of statutory construction. *Propp*, 345 Or App at 390. And, at the appellate level, when construing a statute, we are not limited by the parties' arguments. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."). It is not unreasonable to suggest that, as long as a defendant raised the issue of a mental state requirement for a particular element, the state had an opportunity to respond, and the trial court decided the issue, the claim of error should be

deemed preserved for appeal, even if the defendant's arguments have shifted on appeal as to which specific mental state is required. Such an approach might be particularly defensible in a case such as this one, where the trial court affirmatively decided that *no* mental state attached to the element at issue, arguably making it irrelevant which mental state the defendant argued for.

The problem for defendant is that his suggested approach to preservation in this context is foreclosed by *McKinney/Shiffer*.

Prior to *McKinney/Shiffer*, we and the Supreme Court had addressed preservation of mental-state issues only in appeals where either *no* argument had been made to the trial court (unpreserved) or *the same* argument had been made to the trial court (preserved). An example of the former is *State v. Gray*, 261 Or App 121, 125, 322 P3d 1094 (2014), in which the trial court gave no instruction on a culpable mental state for the forcible-compulsion element of two crimes, the defendant did not object, the defendant assigned error to the omission on appeal, and we recognized the claim of error as unpreserved. *See also Horton*, 327 Or App at 260-61 ("[D]efendant never raised any issue regarding a mental-state requirement for the value element of criminal mischief. *** We therefore proceed with plain-error review."). Conversely, examples of the latter are *Simonov* and *Owen*. In *Simonov*, the defendant argued to the trial court that the lack-of-consent element of unlawful use of a vehicle required a knowing mental state, the trial court instructed the jury that only criminal negligence was required, and the defendant argued on appeal that knowledge was required—an issue that was obviously preserved. 358 Or at 533-37 (treating as preserved without discussion). Similarly, in *Owen*, the defendant argued to the trial court that the physical-injury element of assault required a culpable mental state of either knowledge or criminal negligence, the trial court gave no mental-state instruction for that element, and the defendant again argued on appeal that either knowledge or criminal negligence was required—an issue that was obviously preserved. 369 Or at 290 (treating issue as preserved without discussion).

*McKinney/Shiffer* appears to be the first appellate decision addressing preservation in the context of a mental-state argument that had shifted between trial and appeal. In that case, both defendants had argued in the trial court that knowledge was required for the serious-physical-injury element of second-degree assault. 369 Or at 328-31. The trial courts disagreed, concluding in each case that no culpable mental state was required for that element. *Id*. On appeal, both defendants again argued for a required mental state of knowledge, but they also argued for the first time that, if the court disagreed on that point, then at least criminal negligence was required. *Id*. at 329, 331. The Supreme Court treated the defendants' claims of error as *preserved* with respect to knowledge and *unpreserved* with respect to criminal negligence. *Id*. at 327, 332-34. On the merits, the court relied on *Owen*—a case decided the same day in which the court overruled prior case law and held that the serious-physical-injury element of second-degree assault requires a mental state of criminal negligence—to hold that it was plain error not to instruct on criminal negligence. *Id*. at 327-28; *see Owen*, 369 Or at 320, 322.

In its preservation analysis in *McKinney/Shiffer*, the Supreme Court never directly addresses why objecting to the lack of a mental-state instruction was not enough to preserve a claim that it was error not to give any mental-state instruction.[3] However, the court clearly considered the matter and decided that it was not. *See McKinney/Shiffer*, 369 Or at 332-34.

That is, *McKinney/Shiffer* clearly holds that merely raising the mental-state issue in the trial court is not enough to preserve for appeal an argument that a specific mental state is required—and does so by reference to the same general principles of preservation that we have already

---

[3] *McKinney/Shiffer* discusses the relationship between the arguments made below and on appeal only in deciding whether to exercise discretion to correct a plain error. In that context, the court describes the defendants' arguments on appeal as differing from the "precise argument" or "specific argument" made in the trial court but seems to view the similarities as weighing in favor of exercising discretion to correct the plain error. *See* 369 Or at 333-34. We take that to be an implicit reference to the "whether the policies behind the general rule requiring preservation of error have been served" consideration for exercising discretion to correct plain error. *Ailes*, 312 Or at 382 n 6.

discussed. *See id.* As we understand it, the court necessarily reasoned that it would be procedurally unfair to reverse a conviction based on a trial court's failure to instruct on a specific culpable mental state, where that specific mental state was not argued in the trial court, even if a different mental state was argued in the trial court—unless, of course, the error qualifies as plain. *See id.* at 333 (citing fairness and efficiency as the purposes of the preservation requirement). To put it another way, we understand *McKinney/Shiffer* to take the view that, although different mental states may share a "common thread," arguments for one mental state versus another "are qualitatively different" arguments. *Gray*, 286 Or App at 806; *see also State v. Bordeaux*, 323 Or App 60, 71, 522 P3d 900 (2022), *rev den*, 371 Or 60 (2023) ("Unless we consider the 'issue' that defendant raised before the trial court to be the issue of culpable mental states in general—a proposition that recent Supreme Court cases appear to reject—defendant's argument on appeal [(that a knowing mental state was required)] presents a distinctly different 'issue' from the one that defendant raised before the trial court [(that an intentional mental state was required)].").

 *McKinney/Shiffer* is therefore dispositive as to preservation in this case. Defendant argued to the trial court that a criminally negligent mental state is required for the presence-of-a-child element of felony strangulation. On appeal, he has abandoned that preserved argument and now argues instead that knowledge is required—an issue that is unpreserved under *McKinney/Shiffer*. Because it is unpreserved, only plain-error review is available, which we do not provide for the reasons already discussed.

 We emphasize that the only issue before us in this appeal is whether *knowledge* is required for the presence-of-a-child element of felony strangulation. As previously explained, for offenses within the Criminal Code (except violations), a culpable mental state is required for "each material element of the offense that necessarily requires a culpable mental state." ORS 161.095(2). It is undisputed that the presence-of-a-child element of felony strangulation is a material element. If defendant had said nothing about a mental state requirement in the trial court, sought

plain-error review on appeal, and argued for knowledge as the required mental state, we would likely conclude that it was plain error not to give *any* mental-state instruction on the element at issue, even if it was not plain error not to give a knowledge instruction. That is exactly what we did in *Horton*.

In *Horton*, the trial court gave no mental-state instruction for the value element of criminal mischief, and the defendant "never raised any issue regarding a mental-state requirement" for that element. 327 Or App at 260. On appeal, the defendant assigned error to the omission and argued that recklessness was the required mental state. *Id*. at 261. We held that it was not plain error not to give a recklessness instruction, because the specific mental state required for the element at issue was "an open question" without an "obvious" answer, *id*. at 261, but that it *was* plain error not to require *any* mental state to be proved for that element:

> "Because it is an open question which specific mental state is required, the only error that qualifies as 'plain' is the error in failing to instruct the juries on *any* mental-state requirement for the value element.
>
> "In other words, it was plain error not to instruct the juries that at least criminal negligence had to be proved as to the value element, because it is now obvious and beyond reasonable dispute that *some* culpable mental state applies to the value element, and criminal negligence is the lowest one. However, it is not obvious, and is reasonably disputed, that recklessness had to be proved, so it cannot be said to be plain error to have failed to give a recklessness instruction."

*Id*. at 262 (emphases in original; citation omitted). We ultimately decided not to exercise our discretion to correct the plain error. *Id*. at 266.

Unlike the defendant in *Horton*, defendant in this case argued for criminal negligence in the trial court, preserving that issue, but then chose to abandon that argument on appeal. We can only assume that he did so because he did not believe that he could successfully argue that the failure to give a criminal-negligence instruction was prejudicial.

*See id.* at 262 (recognizing that a criminal conviction cannot be reversed based on harmless error, *i.e.*, when there is little likelihood that the error affected the verdict). In any event, given defendant's choice not to raise the preserved claim of error regarding criminal negligence, the only issue before us is the unpreserved claim of error regarding knowledge. That is why we do not address criminal negligence. In not addressing it, we do not mean to suggest that it was legally correct not to require the state to prove any mental state for the presence-of-a-child element of felony strangulation.

Finally, we briefly address an argument made by the state. In its answering brief, the state argues that one reason that "defendant cannot prevail" on appeal is that "he now argues for a jury instruction that differs from—and contradicts—the one he requested at trial." That argument is misplaced. It is true, as the state argues, that, if knowledge is not the required mental state for the element at issue, then the trial court cannot have erred in rejecting defendant's proffered jury instruction on knowledge, as it did not correctly state the law. But a defendant is not limited to assigning error to the refusal of a requested instruction: "Under Oregon law, there are two different types of error respecting jury instructions: (1) error in the failure to give a proposed jury instruction, and (2) error in the jury instructions that actually were given." *Williams v. Philip Morris Inc.*, 344 Or 45, 55, 176 P3d 1255 (2008), *cert dismissed*, 556 US 178 (2009). If defendant's proposed instruction was wrong, that forecloses the first type of error, but not the second type, and it is the second type that defendant asserts in this case. Defendant has not assigned error to the failure to give his proposed instruction; rather, he has assigned error to the omission of a culpable mental state from the instructions that were actually given. That claim of error fails for the reasons that we have discussed. But its failure is unrelated to the correctness or incorrectness of defendant's proposed instruction. We think it important to clarify that point, lest the state have a misunderstanding of it.

Accordingly, for the reasons explained, we reject defendant's claim of error based on lack of preservation.

Affirmed.