18 February 11, 2026 No. 77

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLAYTON EUGENE HILL,
*Defendant-Appellant.*

Tillamook County Circuit Court
18CR74746; A180348

Mari Garric Trevino, Judge.

Argued and submitted October 15, 2024.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Clayton Hill filed the supplemental brief *pro se*.

Leigh A. Salmon, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Reversed and remanded.

_____
 \* O'Connor, Judge, *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for 21 counts of second-degree encouraging child sexual abuse, ORS 163.686, arising from child pornography found on his cell phone. In one counseled assignment of error, defendant contends that the trial court erred in denying his motion to suppress. Defendant also raises four *pro se* supplemental assignments in which he argues that the trial court erred in denying his motion for judgment of acquittal (MJOA), in receiving into evidence a recorded phone call in which he admitted to possessing child pornography on one occasion for a nonsexual purpose, and in allowing the jury to take that recorded phone call into the jury room during deliberations.

We conclude that the trial court did not err in denying defendant's motion to suppress on the ground that he did not have a protected privacy interest in his personal data collected and maintained by his Internet Service Provider (ISP), CenturyLink. However, we conclude that, after the court determined that police included unlawfully obtained information in the warrant application, it applied an incorrect legal standard in analyzing whether the images found on defendant's cell phone should be suppressed and that the appropriate remedy is to remand for reconsideration of that ruling under the correct legal standard. Finally, we reject defendant's *pro se* supplemental assignments because they are either unpreserved or lack merit.

## MOTION TO SUPPRESS

We review the denial of a motion to suppress evidence for legal error, relying on the trial court's express and implied factual findings supported by evidence in the record. *State v. Maciel-Salcedo*, 344 Or App 75, 83, 579 P3d 769 (2025). We state the facts in accordance with that standard.

Federal law requires all internet service providers (ISPs) to report child sexual abuse material they discover on their servers to a tipline that is controlled by the National Center for Missing and Exploited Children (NCMEC). NCMEC reviews the subscriber's internet protocol (IP) address and phone number and forwards the information to the appropriate law enforcement agency. In June 2017,

Google reported to NCMEC that three image files on its servers had been flagged as possibly containing child pornography—specifically, sex acts involving prepubescent minors. Google employees had opened and viewed one image, which depicted an adult male's erect penis being inserted into a female prepubescent child's vagina. Google employees had not opened the other two images; they were flagged because each had a "hash value"—which does not change unless the content of the digital file changes—that previously identified the image as child pornography.

NCMEC sent the report, which contained an IP address associated with the image files, to the Oregon Department of Justice Internet Crimes Against Children (ICAC) taskforce. ICAC Special Agent McBeth subpoenaed CenturyLink requesting the identity of the person assigned to the IP address. CenturyLink responded that it was assigned to an address in Tillamook and an email address that contained defendant's name. ICAC forwarded that information to the Tillamook Police Department.

Tillamook Police Detective Troxel received the ICAC referral, and he opened and viewed all three image files. Troxel interviewed defendant when he came to the probation office for an appointment. Defendant gave Troxel his email address and phone number and confirmed that he had lived in Tillamook until mid-June, all of which matched the information in the referral. Troxel seized defendant's phone, obtained a warrant to search it, and found additional images for which defendant was later indicted.

Defendant moved to suppress the images found on his cell phone under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution. He contended that he had a protected privacy interest in his personal information held by his ISP, despite our contrary holding in *State v. Delp*, 218 Or App 17, 178 P3d 259 (2008), such that the state needed a warrant, rather than an administrative subpoena, to obtain it. In support of that contention, he submitted a copy of a privacy notice issued by CenturyLink's parent company to its business customers. Alternatively, defendant argued that police unlawfully viewed the two images that Google employees

had not viewed and that including that tainted information in the warrant affidavit to search his cell phone rendered the resulting warrant and its fruits unlawful.

The trial court issued a letter opinion denying defendant's motion to suppress in part. The court determined that defendant had not established a protected privacy interest in his personal information held by CenturyLink. The court further determined that defendant did not have a protected privacy interest in the one image file that Google employees had opened, but that he did have a protected privacy interest in the two other image files that had not been subject to a private search by a third party. The court concluded that police had unlawfully opened and viewed those two image files without a warrant or warrant exception, and it suppressed those two files under both constitutional provisions. Finally, the court determined that the search warrant was valid notwithstanding that the affidavit included information obtained from viewing the two suppressed image files, reasoning that the warrant was supported by probable cause to search defendant's cell phone even after excising the unlawfully obtained information from the affidavit.

On appeal, defendant renews his argument that he had a protected privacy interest in his personal information retained by CenturyLink and that the state violated his rights under Article I, section 9, and the Fourth Amendment when it obtained that information without a warrant or an exception to the warrant requirement. Alternatively, defendant contends that the trial court erred in analyzing the validity of the warrant to search his cell phone because it applied the wrong legal standard. The state responds that the trial court correctly denied defendant's motion to suppress because he has no protected privacy interest in his internet subscriber information under either constitution. The state further argues that the trial court applied the correct standard in analyzing the validity of the warrant under the Fourth Amendment and that defendant's Article I, section 9, argument is unpreserved. Finally, the state argues that if we agree with defendant that the court legally erred in analyzing the warrant, the proper remedy is remand because the record is sufficient to permit a finding that the

images on defendant's cell phone would inevitably have been discovered absent the illegality. Defendant, for his part, replies that we should not remand because the record is insufficient to find that the evidence would inevitably have been discovered.

We begin with defendant's contention that he has a protected privacy interest in his personal information collected and retained by his ISP. The United States Supreme Court has held that, under the Fourth Amendment, "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties," which "remains true even if the information is revealed on the assumption that it will be used only for a limited purpose." *Carpenter v. United States*, 585 US 296, 308, 138 S Ct 2206, 201 L Ed 2d 507 (2018) (internal quotation marks and citations omitted). We likewise have rejected defendant's argument under Article I, section 9. *State v. Delp*, 218 Or App 17, 25-27, 178 P3d 259, *rev den*, 345 Or 317 (2008) (holding that the defendant did not have a privacy interest in internet subscription information held by an internet service provider that independently maintained that information for its own business purposes).

We acknowledge that the Oregon Supreme Court later suggested that a person may have a protected privacy interest in third-party records, depending on the factual circumstances. *State v. Ghim*, 360 Or 425, 444, 381 P3d 789 (2016) ("We leave for another day the question whether and in what circumstances a defendant will have a protected privacy interest in information that a third party maintains, a question that can arise in differing factual circumstances which can have a bearing on its resolution."). But *Ghim* did not implicitly overrule *Delp*, and we have continued to treat *Delp* as binding precedent. *E.g.*, *State v. Hawthorne*, 316 Or App 487, 499, 504 P3d 1185 (2021) (distinguishing *Delp* in holding that the defendant had a protected privacy interest in his real-time location data because his cell phone service provider did not independently maintain that data for business purposes). And to the extent defendant argues that he had a protected privacy interest in his subscriber information based on the proffered privacy notice, that argument is

foreclosed by the trial court's factual findings that the policy "appears to have no relevancy in the current case," given the lack of evidence that defendant was a business customer to which the policy applies and given that the policy outlines several ways that CenturyLink discloses its business customers' information but is silent about whether it would disclose such information to law enforcement. The trial court did not err in concluding that defendant had no constitutionally protected privacy interest in his personal information collected and maintained by CenturyLink.

We turn to defendant's alternative argument that the trial court legally erred in its analysis of the validity of the warrant to search his cell phone. In defendant's view, the court erred because it merely excised the unlawfully obtained information from the warrant affidavit under long-standing Court of Appeals case law that the Supreme Court implicitly overruled in *State v. DeJong*, 368 Or 640, 497 P3d 710 (2021). We agree. *DeJong*, which was decided three months before the suppression hearing in this case, made clear that when a defendant establishes a minimal factual nexus between a warranted search and a prior illegality, the question is the "effect that the prior illegality may have had on the authorized search" and not just whether probable cause still exists after excising the illegally obtained information from the warrant application. *Id.* at 654. We have since expressly acknowledged that *DeJong* implicitly overruled our case law stating and applying the latter standard. *See State v. De Witt Simons*, 329 Or App 506, 523-24, 540 P3d 1130 (2023), *rev allowed*, 372 Or 290 (2024) (so acknowledging); *State v. Yaeger*, 321 Or App 543, 548, 517 P3d 1029 (2022), *rev den*, 371 Or 477 (2023) (same).

Contrary to the state's argument, the trial court expressly suppressed the two images not previously viewed by a private third party under both constitutional provisions, and we conclude that defendant adequately preserved his argument under the Oregon Constitution in both his written and oral arguments in favor of suppression.

Regarding the remedy, we agree with the state's alternative argument that the record is sufficient to permit the court to find that the images found during the warranted

search of defendant's cell phone were untainted by the prior illegality and therefore that remand is warranted. *De Witt Simons*, 329 Or App at 524 ("Under *DeJong*, 'the defendant has the initial burden to establish a minimal factual nexus between the illegality and the challenged evidence,' and 'if the defendant does so, the burden shifts to the state to establish that the challenged evidence was untainted by the illegality.'" (Quoting *DeJong*, 368 Or at 642; brackets omitted.)). Troxel lawfully viewed one image from the referral that depicted a sex act with a prepubescent minor, and he knew—lawfully—that Google had flagged the two other images as falling into the same category. Troxel interviewed defendant, confirmed that his personal information matched that in the referral, and seized defendant's phone in anticipation of applying for a warrant. It is possible that Troxel may have exercised his discretion to decline to seek a search warrant based on viewing one image, his lawful knowledge of the other two images, and confirming defendant's personal information matched the referral. However, it is reasonable to infer from that evidence that he would have sought a search warrant, and the trial court expressly concluded that there was probable cause to search defendant's cell phone even without a specific description of the two suppressed images. Further, unlike in *DeJong*, the police illegality—viewing digital images on a third-party server—did not interfere with defendant's possessory interest in either his cell phone or the images such that the illegality affected whether and how police subsequently seized and searched the cell phone. We therefore conclude, as we did in *Yaeger* and *De Witt Simons*, that the proper remedy is to remand for reconsideration under the correct legal standard.

## *PRO SE* SUPPLEMENTAL ASSIGNMENTS OF ERROR

*MJOA*. In his first supplemental assignment, defendant contends that the trial court erred in denying his motion for judgment of acquittal on all counts because, in his view, no reasonable trier of fact could find that he knowingly possessed or controlled visual recordings of sexually explicit conduct involving a child. Specifically, defendant argues that, because the thumbnail images found on his phone were automatically cached from his web browser and

could only be accessed by special software unavailable to him, he could not exercise dominion or control of the images.

We conclude that defendant did not preserve this claim of error. At trial, defendant moved for judgment of acquittal, arguing that the evidence was insufficient to show (1) that he possessed the images for a sexual purpose, (2) that the images depicted actual children, (3) that the images were possessed or controlled in the state of Oregon, rather than another jurisdiction, and (4) that the images depicted sexually explicit conduct. Defendant did not argue below that there was insufficient evidence that he possessed or controlled the images; he therefore did not preserve the claim he raises on appeal, which is "qualitatively different," because "[t]he ultimate touchstone of the preservation requirement is procedural fairness to the parties and the trial court." *State v. Efimoff*, 346 Or App 402, 407-08, ___ P3d ___ (2026) (internal citations omitted). Because we conclude that defendant's claim of error is unpreserved and he does not ask for plain-error review, we reject defendant's first *pro se* supplemental assignment of error.

*Recorded Phone Call: OEC 403 Balancing.* Defendant's second and third supplemental assignments challenge the court's admission after OEC 403 balancing of a recorded phone call in which defendant admitted to possessing child pornography on one occasion, albeit for a nonsexual purpose. In the call, defendant's then-girlfriend confronted him about the number of charged counts and repeatedly accused him of lying about the nature and extent of his conduct. Reviewing for abuse of discretion, *State v. Waters*, 343 Or App 192, 200, 578 P3d 716 (2025), we conclude that the trial court did not err in admitting the phone call.

The phone call was highly probative of the charged conduct because defendant admitted that he had knowingly downloaded child pornography on his cell phone. In admitting evidence of the call, the trial court issued a limiting instruction to the jury that "the statements of the person on the phone call talking to the defendant, Mr. Hill, are not to be considered for their truth" and "you are not to consider any comments about the credibility or truthfulness made

by this person about the defendant. You and you alone are to make credibility determinations." The court's decision to admit that evidence with a limiting instruction was not an abuse of discretion. We therefore reject defendant's second and third *pro se* supplemental assignments of error.

*Recorded Phone Call: Publishing to jury.* In his final supplemental assignment, defendant contends that the court erred in allowing the jury to have the recorded phone call in the jury room during deliberations. Defendant concedes that this claim is unpreserved and seeks plain-error review, but he does not identify the source of law under which any legal error is obvious. We therefore reject this assignment.

Reversed and remanded.